**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiffs and the putative*
*FLSA Collective and Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GABRIEL JIMENEZ and MANUEL MARTINEZ, Individually and on Behalf of All Others Similarly Situated,**<br><br>                              **Plaintiffs,**<br><br>-against-<br><br>**FOREST PIZZA RESTAURANT, INC. d/b/a CAFÉ MILANO, ERIC & JOHN L.L.C., ERIC STROPOLI and JOHN LUCCHESE, Jointly and Severally,**<br><br>                              **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

        Plaintiffs Gabriel Jimenez and Manuel Martinez (the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1

## NATURE OF THE ACTION

1.      Plaintiffs are former servers and kitchen employees at Defendants' restaurants located in Staten Island, New York.  For their work, during the relevant time period, Plaintiffs were not paid minimum wages for all hours worked and were not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiffs bring this action to recover unpaid minimum wages and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiffs also bring claims for unpaid spread-of-hours premiums, failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.      Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7.      Plaintiff Gabriel Jimenez ("Jimenez") was, at all relevant times, an adult individual residing in Richmond County, New York.

8.      Plaintiff Manuel Martinez ("Martinez") was, at all relevant times, an adult individual residing in Richmond County, New York.

9.      Throughout the relevant time period, Plaintiffs performed work for Defendants at their restaurant located at 401 Forest Avenue, Staten Island, New York 10301.

10.     Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

11.     Forest Pizza Restaurant Inc. is an active New York Corporation doing business as "Café Milano Pizzeria Restaurant", with its principal place of business at 401 Forest Avenue, Staten Island, New York 10301.

12.     Eric & John L.L.C. is a New York Corporation doing business as "Café Milano Pizzeria Restaurant" with its principal place of business at 401 Forest Avenue, Staten Island, New York 10301.

13.     The corporate entities listed in paragraphs 11 and 12 are hereinafter referred to collectively as "Café Milano" or the "Corporate Defendants."

14.     At all relevant times, the Corporate Defendants operated together as a single

3

business enterprise utilizing the same practices and policies.

15.    The Corporate Defendants are joint employers of Plaintiffs and the Collective Action Members/Class Members.

16.    Upon information and belief, Defendant John Lucchese ("Lucchese") is an owner and operator of the Corporate Defendants.

17.    Upon information and belief, Defendant Eric Stropoli ("Stropoli") is an owner and operator of the Corporate Defendants.

18.    Defendants Lucchese and Stropoli are hereinafter referred to collectively as the "Individual Defendants" and, together with the Corporate Defendants, the "Defendants."

19.    The Individual Defendants maintained operational control over the Corporate Defendants and jointly managed Café Milano by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiffs.

20.    The Individual Defendants jointly employed Plaintiffs, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

21.    The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiffs and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

22.    At all relevant times, Defendants have been and continue to be employers engaged

in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23.    At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

24.    At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

25.    Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.    Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since February 19, 2016 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Café Milano (the "Collective Action Members").

27.    A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

28.    Plaintiffs and the Collective Action Members have substantially similar job duties

and are paid pursuant to a similar, if not the same, payment structure.

**RULE 23 CLASS ACTION ALLEGATIONS**

29.    Pursuant to the NYLL, Plaintiffs bring their Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants at any time since February 19, 2013 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at Café Milano in New York (the "Class Members").

30.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

31.    The Class Members are so numerous that joinder of all members is impracticable.

32.    Upon information and belief, there are well in excess of forty (40) Class Members.

33.    The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

> a.    whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;
>
> b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;
>
> c.    whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wage for all hours worked;

6

d.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e.  whether Defendants failed to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours and/or split shifts;

f.  whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g.  whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

h.  whether Defendants failed to reimburse Plaintiffs and the Class Members for the cost of their uniform;

i.  whether Defendants failed to pay Plaintiffs and the Class Members uniform maintenance pay;

j.  whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

k.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

34.  <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, were restaurant employees of Defendants who worked for Defendants pursuant to their

corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift and/or split shift of ten (10) or more hours, did not receive reimbursement or uniform maintenance pay, did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

35. <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

36. Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

37. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

38. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

39. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Café Milano Pizzeria and Restaurant

40.    Throughout the relevant time period, Defendants have been in the restaurant business.

41.    Upon information and belief, during the relevant time period, Defendants have owned and operated at least three (3) Italian restaurants/pizzerias:

- Café Milano Pizzeria & Restaurant, located at 401 Forest Avenue, Staten Island, New York 10301;

- Metro Pizzeria & Restaurant, located at 1218 Forest Avenue, Staten Island, New York 10310; and

- Primo Pizzeria Restaurant, located at 1282 Richmond Road, Staten Island, New York 10304.

42.    The operating hours of Café Milano during the relevant time period were Tuesday through Sunday from 11:00 am to 11:00 pm, and closed Mondays.

43.    According to Defendants' webpage, *"…Café Milano first opened its doors on Staten Island in 1993. The owners, John Lucchese and Eric Stropoli have worked very hard since then and continue to keep the quality and freshness of their delicious pizza and homemade Italian food. Café Milano prides itself on friendly service and fast delivery. In 2000, Café Milano expanded from a small pizzeria to a newly renovated full-service restaurant and bar. Café Milano restaurant accommodates up to 75 people for any occasion…"* (https://www.cafemilanosi.com/).

44.    According to an article published on Slive.com, dated June 2009, "*Primo isn't Eric [Stropoli]'s first experience as a restaurateur. In 1993, he and business partner John Lucchese*

*launched the highly successful Café Milano at 401 Forest Ave., West Brighton.  The two men*

*continue to own and operate the eatery, which began as a modest neighborhood pizzeria.  'But (in*

*1998) we expanded that to include the bar and restaurant,' Eric said.  Café Milano is 'a little*

*fancier than Primo,' 'but it's also moderately priced and family oriented,' Eric said. It features*

*live entertainers on Friday nights, who provide soft background music.  ...Most of the Milano's*

*staff    members    have    been    with    the    business    from    the    onset."*

(https://www.silive.com/eastshore/2009/06/restaurant_owner_returns).

45.    Throughout the relevant time period, the Individual Defendants have operated and

managed their three (3) Italian restaurants/pizzerias since in or around 1998.

46.    Forest Pizza Restaurant Inc. was registered with the New York State Department

of State, Division of Corporations on December 30, 1998.

47.    Eric & John L.L.C. was registered with the New York State Department of State,

Division of Corporations on January 9, 2008.

48.    Upon information and belief, the Individual Defendants are a constant presence and

regularly visit the various locations of Café Milano, Metro Pizzeria, and Primo Pizzeria, to manage

and/or check in on their managers and the operations of the restaurants and take an active role in

ensuring that the restaurants are run in accordance with their procedures and policies.

49.    Upon information and belief, at all relevant times, the Individual Defendants have

had power over payroll and personnel decisions at Café Milano, Metro Pizzeria, and Primo

Pizzeria, including the power to hire and fire employees, set their wages, retain time and/or wage

records, and otherwise control the terms and conditions of their employment.

50.    Upon information and belief, the Individual Defendants, directly or through their

agents and employees, operate and manage all three (3) restaurants with the same or substantially

similar employment practices and policies, and through common management, ownership and

financial control.

**Plaintiffs' Work for Defendants**

51.     **Plaintiff Gabriel Jimenez** was employed by Defendants as a kitchen employee

and line cook at Café Milano and Metro Pizzeria from in or around 1998 to in or around October

2018 (the "Jimenez Employment Period").

52.     In or around 2005, during a period of approximately three (3) months, Plaintiff

Jimenez worked in the kitchen at Metro Pizzeria, at least once per week, in order to replace an

absent employee.  After that period of time where he worked in both restaurants, Plaintiff Jimenez

worked solely at Café Milano Restaurant.

53.     In or around October 2015, Plaintiff Jimenez suffered an accident on the job that

left him unable to perform his work for approximately three (3) months.  After that short period of

recovery, Plaintiff Jimenez returned to his job and continued to work at the restaurant without any

other long interval of absence.

54.     Throughout his employment period, Plaintiff Jimenez generally worked five (5) or

six (6) days per week, with most Mondays off.  If Plaintiff Jimenez was required by Defendants to

cover for a sick employee, an employee on vacation, or for a special event, it was typical that

Plaintiff Jimenez added a seventh (7th) day of work to his schedule.

55.     Plaintiff Jimenez typically worked Tuesdays through Fridays, from approximately

10:00 am to approximately 11:00 pm, and Saturdays from approximately 8:00 am to approximately

10:00 pm, for a total of approximately sixty-six (66) hours per week.  If Plaintiff Jimenez was

required to work a seventh day during the week, he added an additional shift of approximately ten (10) hours, for a total of approximately seventy-six (76) hours per week.

56.     During the last portion of Plaintiff Jimenez' employment period, from in or around January 2018 to in or around October 2018, Defendants reduced the number of days Plaintiff Jimenez worked at the restaurant to five (5) days per week, from approximately 11:00 am to approximately 10:00 pm, for a total of approximately fifty-five (55) hours per week.

57.     Plaintiff Jimenez was rarely able to take an uninterrupted break because the restaurant was too busy.  When he needed to eat, he typically grabbed a bite while he was working. On the rare occasions that he was able to take a break, Jimenez's breaks typically lasted between fifteen and twenty (15-20) minutes.

58.     For his work, during the relevant time period, from in or around 2013 to in or around October 2018, Plaintiff Jimenez was paid fifteen dollars ($15.00) per hour, for all hours worked, including those beyond forty (40) in a given workweek.

59.     As such, Plaintiff Jimenez was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each workweek.

60.     Throughout most of the Jimenez Employment Period, Plaintiff was paid weekly and received his wages entirely in cash, in an envelope marked with his name, from the hands of Defendant Lucchese and sometimes from the hands of Defendant Stropoli, without a pay stub or any other wage statement that provided information about hours worked or the wage rate(s) paid during the work week.

61.     From in or around 2016 to in or around 2018, Plaintiff Jimenez received his payment in a combination of a corporate check and cash.  Defendants paid Plaintiff Jimenez two

hundred dollars ($200.00) per week in check and the remainder of his payment for the week was paid in cash.  At the end of each month, Plaintiff Jimenez received a document with certain information regarding the payments made during that month.

62.    **Plaintiff Manuel Martinez** was employed by Defendants as a server at Café Milano from in or around April 2003 to in or around July 2017 (the "Martinez Employment Period").

63.    Throughout his employment period, Plaintiff Martinez generally worked six (6) days per week, with most Mondays off.  From in or around 2011 to in or around 2017, Plaintiff Martinez worked with the following schedule: Tuesdays from approximately 11:00 am to approximately 11:00 pm; Wednesdays, Thursdays, and Fridays, from approximately 4:00 pm to approximately 11:00 pm; and Saturdays and Sundays from approximately 11:00 am to approximately 11:00 pm, for a total of approximately fifty-seven (57) hours per week.

64.    Plaintiff Martinez was rarely able to take a break because the restaurant was too busy.  On the rare occasions that he was able to take a break, Martinez's breaks typically lasted between fifteen and twenty (15-20) minutes.

65.    For his work, during the relevant time period, from in or around 2013 to in or around 2015, Plaintiff Martinez was paid a fixed amount of one hundred and eighty dollars ($180.00) per week, plus tips from customers.  From in or around 2015 to the Martinez Employment Period, Plaintiff Martinez was paid a fixed amount of two hundred dollars ($200.00) per week, plus tips from customers.  If Plaintiff Martinez missed a day of work, his weekly fixed payment was reduced accordingly.

66.    As such, Plaintiff Martinez was not paid the legally required minimum wage for all

hours worked and the overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each workweek.

67.    Throughout the Martinez Employment Period, Plaintiff was paid weekly and received his wages entirely in cash in an envelope marked with his name, from the hands of Defendant Lucchese, and sometimes from the hands of Defendant Stropoli, or from manager Victorio Constanzo. The cash wages he received did not include a pay stub or any other wage statement that provided information about hours worked or the wage rate(s) paid during the work week.

68.    During their respective employment periods, although Plaintiffs frequently worked a spread of more than ten (10) hours per day or split shifts, they did not receive spread-of-hours premiums equal to an additional hour at the applicable minimum wage for such days.

69.    Throughout their respective employment periods, Plaintiffs were not provided with wage notices at hiring, by February 1 of each year, or proper wage statements with their wage payments each week.

**Defendants' Unlawful Corporate Policies**

70.    Plaintiffs and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay failing to pay minimum wages, overtime premiums, and spread-of-hours premiums.

71.    Plaintiffs have spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked. Defendants' failure to pay Plaintiffs minimum wages for all hours worked is a corporate policy of Defendants which applies to all of their non-management employees throughout the Class Period.

14

72.     Plaintiffs have spoken with other employees of Defendants who were similarly paid at the same hourly rate for all hours worked, which did not include overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiffs overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applies to non-management employees throughout the Class Period.

73.     Defendants' failure to pay Plaintiffs spread-of-hours premiums for days in which Plaintiffs have worked a spread of more than ten (10) hours and/or a split shift has been a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours in a day and/or a split shift throughout the Class Period.

74.     Defendants' policies of paying certain employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

75.     Defendants have not provided Plaintiffs or Class Members with wage notices at the time of hire or by February 1 of each year.

76.     Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment.  Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week.

77.     Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage statements and wage notices at hiring, by February 1 of each year, or proper wage statements with their wage

payments on a weekly basis.

78.    Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

79.    Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.    By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

81.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82.    Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## <u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

83.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

85.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

86.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – UNPAID MINIMUM WAGE</u>
### (Brought on Behalf of Plaintiffs and the Class Members)

88.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

90.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

91.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

92.     Defendants willfully violated Plaintiffs and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

93.     Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

94.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

96.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES**
**(Brought on Behalf of Plaintiffs and the Class Members)**

97.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

98.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class

Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

99.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS</u>
### (Brought on Behalf of Plaintiffs and the Class Members)

100.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

101.    Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

102.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.      Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.      Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per

Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       February 19, 2019

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs and the putative
FLSA Collective and Class*

23

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Café Milano and Metro Pizzeria and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____
Signature

Gabriel Jimenez
Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Café Milano y Metro Pizzeria y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios minimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentancion de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

Gabriel Jimenez
Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Café Milano y/o Metro Pizzeria y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_____
Nombre Escrito